UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RANDALL BOAZ OWENS,

    Plaintiff,

v.                                                                    Case No. 3:26cv804-MW-HTC

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Randall Owens, a prisoner proceeding *pro se*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. Doc. 5. However, after reviewing the amended complaint, the undersigned concludes venue is not proper in the Pensacola Division. Furthermore, because the amended complaint contains nonsensical allegations and fails to state a claim, a transfer to the correct division would not serve the interest of justice. Thus, the undersigned recommends this case be DISMISSED without prejudice.

A civil action may be brought in: (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the

action is situated"; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).  In addition, 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  This Court has adopted similar rules for determining where a case should be filed within the Northern District of Florida. *See* N.D. Fla. Loc. R. 3.1(B) ("An original case must be filed in a division in which venue would be proper if the division was a stand-alone district.").

Here, Owens sues the Florida Department of Corrections ("FDOC"), President Donald Trump, and various officials at Northwest Florida Reception Center ("NWFRC) Annex, including Warden Williams and Colonel Brown.  Doc. 5 at 1-3.  While Owens is currently housed at Walton Correctional Institution, which is in the Pensacola Division, the Defendants are not located, and the conduct complained of is not alleged to have taken place, in the Pensacola Division.  Instead, Owens references events which occurred at NWFRC, which is in Washington County and falls within the Panama City Division.  *See* N.D. Fla. Loc. R. 3.1(A)(2).

While the Court would ordinarily transfer a case to the proper division, a transfer under these circumstances would not serve the interest of justice because

Case No. 3:26cv804-MW-HTC

Owens's amended complaint does not contain specific factual allegations showing any Defendant violated Owens's rights under federal law.[1]  Instead, the amended complaint consists mostly of nonsensical allegations and requests.  For example:

- "Approximately in the month of August 2024 my home was ordered to be taken by an order of illegality with Brandon Bridges and Joanne Bridges as catalyst of the Synagogue of Satan at NWFLRC Annex, they were puppets of the SS given fake documents, fake deeds, and forgery upon arriving [in] Washington, after an illegal sentence, me Mr. Donald J. Trump and whole cabinet [were] introduced, by violence in there gangland coordination of the most anti-Semitical people I ever met[.]"

- "Other parties such as Aaron Avis, James Riddle, H.M. Weaver, the Seg offcer – Officer Mrs. Wood … who promotes victimization, and advocates child molestation and other satanic act(s) of the despicable un-pardonable, unmanipulatable act(s) of treason by this satanic fraternity."

- Owens has "not yet received justice, but will either by the dissolution of the corporate unit of the United States or the administration and whole D.O.D. including the IRS, and Puerto Rico – now gifted to Cuba for Cuba's prosperity."

- "I ask the future cabinet(s) officer(s) be vetted by the Jewish synagogue, to avoid this grave injustice of future children."

- As relief, Owens wants to be "removed" as a citizen of the United States; for the capital to be moved to Jerusalem; for him to be deported "from prison to Israel, with money to rebuild Israel"; and the "release of all the Pentagon officers."  Alternatively, Owens suggests he should receive "a personal payment of all Donald J. Trump's wealth," and the demolition of all the Defendants' houses, including President Trump's Mar-a-Lago estate.

---

[1] While the amended complaint suggests Owens may have been sprayed with chemical agents at NWFRC, he does not allege facts showing when it occurred, who was involved, or whether it was excessive.  *See Barr v. Gee*, 437 F. App'x 865, 877-78 (11th Cir. 2011) (affirming dismissal of excessive force claim because assertion that force was "excessive" was conclusory and plaintiff did not "allege facts permitting a plausible inference that the force [the officers] used was unreasonable"); *Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation.").

In addition, Owens claims the FDOC failed to honor the pardon that Governor DeSantis issued him on national television on December 6, 2025.[2]  Doc. 5 at 4, 8. While that allegation is dubious, even assuming it is true, challenges to the legality of Owens's conviction or confinement cannot be raised in a complaint under § 1983. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or change the nature or duration of his sentence, the inmate's claim must be raised in a § 2254 habeas petition, not a § 1983 civil rights action.").

Based on the foregoing, Owens's allegations are frivolous and do not support a viable claim for relief under § 1983.  *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("[A] court may dismiss a claim as factually frivolous only if the facts alleged are 'clearly baseless,' a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional[.]'") (citations omitted).  Thus, rather than transfer this case to the Panama City Division, the undersigned recommends the amended complaint be dismissed without prejudice.[3]

---

[2] The FDOC is also immune from suit under the Eleventh Amendment.  *See Brown v. Fla. Dep't of Revenue Office of Child Support Enforcement*, 697 F. App'x 692, 692-93 (11th Cir. 2017) (state agencies are immune from suit under the Eleventh Amendment).

[3] Owens entered FDOC custody in June 2025 and he was housed at NWFRC from June 2025 to early in 2026.  *See* Doc. 6 at 2; https://pubapps.fdc.myflorida.com/OffenderSearch/Search.aspx. Thus, a dismissal of this case would not operate as a dismissal with prejudice.

Accordingly, it is RECOMMENDED:

1.      That this case be DISMISSED without prejudice because it was filed in an improper venue.

2.      That the clerk close the file.

At Pensacola, Florida, this 25th day of February, 2026.


/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.

Case No. 3:26cv804-MW-HTC